Titan Shipping Co., Inc., et al. *v.* United States

No. 5245.—Invoices dated Barnsley, England, March 30, 1936, etc.
Certified March 31, 1936, etc.
Entered at New York April 14, 1936, etc.
Entry No. 827295, etc.

(Decided May 6, 1941)

*Mary Rehan* for the plaintiffs.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between Charles D. Lawrence, Acting Assistant Attorney General, attorney for the defendant and Mary Rehan, attorney for the plaintiffs, subject to the approval of the Court, that the merchandise covered by the reappraisements enumerated above consists of bottles similar in all material respects to the merchandise the subject of *United States* vs. *Guerlain Inc.* described in C. A. D. 146.·

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise covered by the reappraisements enumerated above is the same as the issue involved in the case of *United States* vs. *Guerlain Inc. supra.*

It is further stipulated and agreed that:

Where the importer added on entry under duress to meet previous advances made by the Appraiser in similar cases, the appraised value of the merchandise here involved, less the addition made by the importer on entry under duress to meet the advances of the Appraiser in similar cases, is equal to the cost of materials, fabrication, manipulation, or other processes employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States, and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture, who are engaged in the manufacture of merchandise of the same class or kind.

It is further stipulated and agreed that:

As to those cases where the appraiser made the advance, the entered value of the merchandise here involved is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

The reappraisements are waived as to all merchandise except beauty box bottles with collars and caps, beauty box bottles with caps and rings, and bottles.

On the above facts the cases are submitted.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are as follows:

As to the beauty box bottles with collars and caps, beauty box bottles with caps and rings, and bottles advanced in value by the appraiser, the entered values thereof.

As to the beauty box bottles with collars and caps, beauty box bottles with caps and rings, and bottles wherein the importer added on entry under duress to meet advances made by the appraiser, the

appraised values thereof, less any additions made by the importer on entry under duress to meet advances made by the appraiser.

The appeals having been waived insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.